SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
KAREN M. LESER-GRENON (SBN 231189)
401 West A Street, Suite 2350
San Diego, CA 92101
Telephone: 619/235-2416
Facsimile: 619/234-7334
E-mail: kleser@sfmslaw.com

(Additional Counsel Appear On Signature Page)

Attorneys for Plaintiffs, Rodney Alvarado and Jason Townsend,
Individually And On Behalf Of All Others Similarly Situated

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| | | |
|---|---|---|
| RODNEY ALVARADO and JASON TOWNSEND, Individually And On Behalf Of All Others Similarly Situated, | : | CIVIL ACTION NO. |
| Plaintiffs, | : | CLASS ACTION COMPLAINT |
| vs. | : | |
| BANK OF AMERICA, N.A., | : | |
| Defendant. | : | DEMAND FOR JURY TRIAL |

### CLASS ACTION COMPLAINT

Plaintiffs, Rodney Alvarado ("Alvarado") and Jason Townsend ("Townsend") (collectively "Plaintiffs"), bring this action against Defendant, Bank of America, N.A. ("Defendant" or "Bank of America"), individually and on behalf of all others similarly situated, and allege, upon information and belief, except as to their own actions, the investigation of their counsel, and facts that are a matter of public record, as follows:

### INTRODUCTION

1.     Plaintiffs bring this action to obtain damages, disgorgement and restitution, as well as other relief, individually and on behalf of the proposed class defined below ("Class").

2.     As alleged herein, Bank of America has wrongfully withdrawn and used for its own benefit funds from the checking accounts of Plaintiffs and other Class members, and has

CLASS ACTION COMPLAINT

1

1   improperly earned millions of dollars in ill-gotten profits by reason of its unlawful conduct.

2         3.      Plaintiffs and Class members have checking accounts with Bank of America and

3   use Defendant's online banking services in California, including its electronic bill paying service.

4   When advertising and marketing its electronic bill paying services to consumers in California,

5   Defendant falsely represented that it did not withdraw funds from the consumers' checking

6   accounts until after "paper checks" (described in greater detail below) generated from the

7   electronic transactions were actually cashed or presented for payment by the payee.  Contrary to

8   these representations, however, Defendant prematurely and surreptitiously withdrew funds from

9   its customers' checking accounts before paper checks were presented for payment, and then

10   placed those funds into one or more separate accounts owned and controlled by Bank of America

11   so that it could earn interest and investment income on the customers' funds, for itself, during the

12   "float" period.

13         4.      By prematurely and unlawfully withdrawing its customers' funds and placing

14   them into separate accounts, Defendant has improperly received millions of dollars in interest

15   and revenue at the expense of its customers.  In addition, by prematurely withdrawing customers'

16   funds from their checking accounts, Defendant has also caused customers to incur unwarranted

17   monthly service fees and insufficient funds charges.

18         5.      Defendant does not return or pay interest to its customers for the period of time

19   that Defendant takes exclusive control of those funds, nor does it disclose to customers the fact

20   that it earns interest during the "float" period, at the expense of its customers.  Instead, Defendant

21   unlawfully retains the ill-gotten interest and investment income, while at the same time

22   continuing to fraudulently and deceptively advertise, market, and represent its online bill paying

23   service as a "free" service.  As a direct and proximate result of Defendant's fraudulent and

24   deceptive conduct, many thousands of California consumers have sustained direct financial harm,

25   including, but not limited to, lost interest and investment income and the deprivation of funds

26   from their checking accounts for a period of days or, in some cases, even weeks at a time.

27         6.      Plaintiffs, individually and on behalf of all others similarly situated, seek an

28   appropriate award of damages, restitution and other appropriate relief, including, without

CLASS ACTION COMPLAINT                                           2

1   limitation, disgorgement of all monies that Defendant improperly received by reason of the
2   unlawful practices described herein, including interest accrued on all such amounts. Plaintiffs
3   and the Class also seek reimbursement of all service fees and insufficient fund charges paid to
4   Defendant as a result of the unlawful practices described herein.

5                                       **PARTIES**

6          7.      Plaintiff, Rodney Alvarado, is a citizen of the State of California, residing in
7   Stockton, California. For numerous years, Plaintiff has maintained a personal, interest bearing,
8   checking account with Bank of America, and signed up for and used Defendant's online banking
9   services, including electronic bill paying.

10         8.      Plaintiff, Jason Townsend, is a citizen of the State of California, residing in
11  Beverly Hills, California. For numerous years, Plaintiff has maintained a personal, interest
12  bearing, checking account with Bank of America, and signed up for and used Defendant's online
13  banking services, including electronic bill paying.

14         9.      Defendant, Bank of America, is a federally chartered national banking association
15  with its headquarters and principal place of business located in Charlotte, North Carolina.
16  Defendant is a citizen of North Carolina for purposes of diversity jurisdiction, and does business
17  in California. At all relevant times, Defendant, through its agents, employees and subsidiaries,
18  has advertised, marketed, sold, maintained and operated online banking services in the State of
19  California, including throughout this District.

20                          **JURISDICTION AND VENUE**

21         10.     This action is brought to remedy and obtain relief for Plaintiffs and other members
22  of the class for harm sustained by reason of Bank of America's violations of state consumer
23  protection and related statutes, and common law, based on Defendant's advertising, marketing,
24  sale, use and/or operation of online banking services, including electronic bill paying services, in
25  the State of California.

26         11.     The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) because
27  the matter in controversy, upon information and belief, exceeds $5,000,000, exclusive of interest
28  and costs, and this matter is a class action in which class members are citizens of states other

CLASS ACTION COMPLAINT                                                              3

1   than North Carolina, where the Defendant is a citizen.

2         12.     Venue is proper in this District, pursuant to 28 U.S.C. § 1391(a), because

3   Defendant does substantial business in this District and a substantial part of the events and losses

4   described herein occurred, and continue to occur, in this District.

5         13.     <u>Intradistrict Assignment</u>: Divisional venue in the Sacramento Division is proper

6   pursuant to Civil Local Rule 3.120(d).

7                           **CLASS ACTION ALLEGATIONS**

8         14.     Plaintiffs bring this action as a class action pursuant to Federal Rules of Civil

9   Procedure 23, individually and on behalf of the following class and sub-class:

10              **Class**:  All persons or entities in California that used Defendant's
               electronic banking services, where Defendant withdrew funds from
11              that person's or entity's checking account, before a paper check
               associated with an electronic bill paying transaction was cashed or
12              presented for payment by the payee (the "Class").

13              **Sub-Class**:  All Class members who are "consumers" as defined
               by California Civil Code § 1761(d) (the "Sub-Class").
14

15  Excluded from the Class and Sub-Class are Defendant, as well as Defendant's affiliates,

16  employees, officers and directors, and the judicial officers of the Court to which this case is

17  assigned.  Plaintiffs reserve the right to amend the Class and Sub-Class definitions if discovery

18  and further investigation show that the Class or Sub-Class should be expanded or otherwise

19  modified or if otherwise appropriate under all of the circumstances.

20        15.     The members of the Class are so numerous that joinder of all members would be

21  impracticable.  Plaintiffs reasonably estimate that there are thousands of residents of California

22  who have used Bank of America's electronic bill paying service, and who have had their funds

23  unlawfully and prematurely withdrawn by Defendant.

24        16.     There are questions of law and fact that are common to the members of the Class

25  and Sub-Class that predominate over any questions affecting only individual members, including,

26  but not limited to the following:

27              a.      Whether Defendant transferred money prematurely from its customers'

28  accounts in connection with electronic checking and bill paying transactions;

CLASS ACTION COMPLAINT                                                                    4

b.  Whether Defendant improperly transferred its customers' funds into one or more separate accounts controlled by Defendant and from which Defendant derived interest, investment income or other revenues;

c.  Whether Defendant informed or disclosed to consumers that it would prematurely transfer money from their accounts, before paper checks were presented for payment, and use those funds for its own benefit;

d.  Whether Defendant was entitled at law to transfer unilaterally and maintain, in separate accounts, for its own benefit, funds from its customers' checking accounts;

e.  Whether, by the misconduct described in this Class Action Complaint, Defendant has engaged in fraudulent, unfair or unlawful business practices with respect to the advertising, marketing or sale of its electronic banking services; and

f.  Whether, as a result of Defendant's misconduct, Plaintiffs and the Class are entitled to damages, civil penalties, disgorgement, restitution, and/or other relief, and, if so, the amount and nature of such relief.

17.  Plaintiffs' claims are typical of the claims of the other members of the Class. Plaintiffs have no interests antagonistic to those of the Class and are not subject to any unique defenses.

18.  Plaintiffs will fairly and adequately protect the interests of all members of the Class and have retained attorneys experienced in class action and complex litigation.

19.  A class action is superior to all other available methods for the fair and efficient adjudication of this controversy for, *inter alia*, the following reasons:

a.  It is economically impractical for members of the Class to prosecute individual actions;

b.  The Class is readily definable;

c.  Prosecution of this matter as a class action will eliminate the possibility of repetitious litigation; and

d.  A class action will enable claims to be handled in an orderly and expeditious manner.  A class action will save time and expense and will ensure uniformity of

CLASS ACTION COMPLAINT                                                                 5

1   decisions.

2       20.    Plaintiffs do not anticipate any difficulty in the management of this litigation.

3       21.    All jurisdictional prerequisites to suit have been satisfied.

4                **SUBSTANTIVE ALLEGATIONS**

5       22.    Bank of America offers online banking and electronic bill paying services to its

6   customers, and advertises those services as being "free." These services are marketed and sold as

7   a convenient way for customers to pay bills online, at no cost. Rather than writing checks,

8   addressing envelopes, and mailing checks to their creditors, customers can go online and initiate

9   electronic bill payments using Defendant's online banking services.

10       23.    When customers use Bank of America's online banking services to pay bills,

11   Defendant either makes an electronic payment on the customer's behalf to the payee, or it can

12   choose to print and mail a traditional paper check to the payee. According to information that

13   Defendant publishes regarding these services, electronic payments are made "in most cases," and

14   paper checks may be printed and mailed "occasionally."

15       24.    When a customer instructs Defendant to make an online bill payment, it advises

16   Defendant of the "Deliver By" date. This is the date on which payment is expected to be

17   delivered by Defendant to the payee. In the case of electronic payments, Defendant represents

18   that such payments can be made "as soon as tomorrow." In the case of paper checks, however,

19   Defendant tells the customer that payments may "take up to four days to deliver." As a result,

20   with paper checks, unlike electronic transactions, there is a significant "float" of up to four days,

21   or longer.

22       25.    Defendant has represented on its website and in written materials marketing and

23   describing its online bill paying services that, in the case of an electronic payment, the payment

24   amount "is automatically subtracted … on the Deliver By date." In contrast, when Defendant

25   chooses to print and mail a paper check, Defendant represents that the money leaves the

26   customer's account "when the payee cashes the check." Plaintiffs and other consumers,

27   therefore, are told and led to believe that their funds will remain in their accounts and accrue any

28   applicable interest for their benefit until such time as the recipients of paper checks actually cash

CLASS ACTION COMPLAINT                                 6

1    those checks or present them for payment.

2        26.    Defendant's representations, including those identified herein, pertaining to the

3    disposition of funds in electronic bill paying transactions, are false.  When paper checks are

4    issued, Defendant does not wait to withdraw funds from its customers' accounts until "the payee

5    cashes the check."  Instead, Defendant withdraws its customers' money immediately.

6    Customers, including Plaintiffs, are thereby deprived of any applicable interest that would

7    otherwise accrue on those funds.  In addition, Defendant's premature withdrawal of funds

8    subjects its customers to additional banking fees, including monthly service charges and fees for

9    insufficient funds.  Furthermore, Defendant has unlawfully converted and used the funds of

10   Plaintiffs and the Class to earn interest and investment income for itself, when all such interest

11   and investment income should accrue to the benefit of Class members.

12       27.    Without having informed its customers or requested permission from them,

13   Defendant routinely and unlawfully withdraws customers' funds from their accounts, and then

14   transfers those funds into one or more separate accounts where Defendant (rather than the

15   customer) has exclusive control and use of the money and the benefits derived therefrom,

16   including interest and investment income.  These separate accounts are maintained by Defendant,

17   entirely for Defendant's benefit.  As a result of this unlawful and undisclosed practice, Defendant

18   reaps improper benefits in the form of substantial revenues from what is supposed to be a "free"

19   bill paying service, and in a manner directly contrary to the representations that Defendant makes

20   to consumers.

21       28.    Defendant does not advertise, or even state publicly, that customers using its

22   online bill paying services will be deprived of interest and the use of their funds, as described

23   herein.  In fact, the opposite is true -- Defendant falsely and deceptively advertises and markets

24   its online banking services as being "free" to the customer.

25       29.    Defendant has failed to disclose or inform its customers of substantial and

26   material facts concerning its online banking and electronic banking services, including, without

27   limitation, the fact that, in the course of electronic bill paying transactions, Defendant

28   prematurely transfers the customers' money into separate accounts that are controlled by

CLASS ACTION COMPLAINT                                                                    7

1    Defendant and from which Defendant derives substantial interest and investment income.  Such

2    facts are in the exclusive control of Defendant, and Defendant is required to disclose all such

3    material information to its customers, including Plaintiffs and other Class members.

4          30.     Plaintiffs are long-time customers of Defendant, and maintain personal, interest

5    bearing, checking accounts with Defendant.  Plaintiffs learned of Defendant's online banking and

6    bill paying services through its advertisements and marketing materials and, thereafter, signed up

7    for and began utilizing Defendant's online banking services, including the bill paying service.

8          31.     Like Plaintiffs, many thousands of Defendant's other customers across California

9    have signed up for and used Defendant's online banking services, and they too have suffered

10   financial harm as a direct result of Defendant prematurely withdrawing funds from their accounts

11   as part of a fraudulent and deceptive practice designed to unlawfully reap millions of dollars in

12   ill-gotten profits for Defendant, at the direct expense of Class members.

13         32.     To date, Defendant remains unwilling to take action to correct or change its

14   unlawful business practices, as described herein, and refuses to remedy the harm caused thereby.

15   Instead, it continues to surreptitiously and prematurely withdraw funds from its customers'

16   checking accounts, so that it can unlawfully earn interest on those funds.

**FIRST CAUSE OF ACTION**
**(Violation Of Bus. & Prof. Code §17200 *et seq.*)**

17

18
           33.     Plaintiffs reallege and incorporate the above allegations by reference as if set forth
19
     fully herein.
20
           34.     Plaintiffs bring this cause of action individually and on behalf of the Class.
21
           35.     Defendant has engaged in unfair, unlawful and fraudulent business practices, as
22
     set forth above.
23
           36.     By engaging in the above-described acts and practices, Defendant has committed
24
     one or more acts of unfair competition within the meaning of Bus. & Prof. Code § 17200, *et seq.*
25
     ("UCL").
26
           37.     Defendant's acts, practices and omissions have deceived and/or are likely to
27
     deceive members of the consuming public and impact the public interest.
28

CLASS ACTION COMPLAINT                                                                    8

1      38.    Defendant's acts, practices and omissions are unlawful because they violate Civil Code §§ 1572, 1709 and 1710. As alleged in greater detail below, Defendant's conduct also violates Civil Code § 1750, *et seq.* Defendant's deceptive marketing and sales practices, including affirmative misrepresentations and omissions, are material and substantial and were made in the form of common misrepresentations of material facts upon which persons, including members of the Class, could be expected to rely and did rely.

39.    By engaging in the above-described acts, practices and omissions, Defendant has committed one or more acts of unfair competition within the meaning of the UCL.

40.    By engaging in the above-described acts, practices and omissions, Defendant has committed one or more acts that are unfair, unlawful and/or fraudulent within the meaning of the UCL.

41.    The injury to consumers by Defendant's conduct greatly outweighs any alleged countervailing benefit to consumers or competition under all of the circumstances.

42.    Plaintiffs have suffered injury in fact as a result of the above-described acts and practices in that they have not received the "free" online banking and bill paying services that they were led to believe they would receive as a result of Defendant's misrepresentation and advertising.

43.    Plaintiffs, individually and on behalf of the Class, seek an order of this Court awarding restitution, disgorgement and all other relief allowed under the UCL, as well as interest, attorneys' fees and costs pursuant to, *inter alia*, Cal. Code of Civ. Proc. § 1021.5.

**SECOND CAUSE OF ACTION**
**(Violation of Civil Code §§ 1750 *et seq.*)**

44.    Plaintiffs reallege and incorporate the above allegations by reference as if set forth fully herein.

45.    Plaintiffs bring this claim individually and on behalf of the Sub-Class.

46.    This claim arises under the Consumer Legal Remedies Act, Civil Code §§ 1750 *et seq.* ("CLRA").

47.    At all times relevant hereto, Plaintiffs were "consumers," as that term is defined in

CLASS ACTION COMPLAINT      9

1   Civ. Code § 1761(d).

2       48.    At all times relevant hereto, Defendant's online banking and electronic bill paying

3   services constituted "services," as that term is defined in Civ. Code § 1761(b).

4       49.    At all times relevant hereto, Defendant constituted a "person," as that term is

5   defined in Civ. Code § 1761(c).

6       50.    At all times relevant hereto, Plaintiffs' agreement to open and maintain a checking

7   account with Defendant and to use its online banking and electronic bill paying services

8   constituted a "transaction," as that term is defined in Civ. Code § 1761(e).

9       51.    The CLRA provides, in relevant part, that "[t]he following unfair methods of

10   competition and unfair or deceptive acts or practices undertaken by any person in a transaction

11   intended to result or which results in the sale or lease of goods or services to any consumer are

12   unlawful: (5) Representing that goods or services have . . . approval, characteristics, uses,

13   benefits . . . which they do not have; ... (7) Representing that goods or services are of a particular

14   standard, quality or grade . . . if they are of another; and (9) Advertising goods or services with

15   intent not to sell them as advertised."

16       52.    Defendant made uniform written representations that its online banking and

17   electronic bill paying services were "free" and that, in the case of paper checks, funds would not

18   be withdrawn from customers' accounts until the "payee cashes the check." As set forth above,

19   however, such representations were false, deceptive and/or misleading and were made in

20   violation of the CLRA.

21       53.    Under Civil Code § 1780(a)(2), any court of competent jurisdiction may enjoin

22   practices that violate Civil Code § 1770, including those alleged herein.

23       54.    Plaintiffs also are entitled to recover actual or statutory compensatory/monetary

24   damages as authorized by Civil Code § 1780(a)(1) and Civil Code § 1781(a)(1), restitution as

25   applicable and authorized under Civil Code § 1780(a)(3) and punitive damages as authorized by

26   Civil Code § 1780(a)(4), which are appropriate in this case in light of Defendant's knowing,

27   intentional, malicious, fraudulent and unconscionable conduct, Defendant's reckless disregard of

28   its legal obligations to Plaintiffs and the members of the Sub-Class, and/or as otherwise

CLASS ACTION COMPLAINT

1    recoverable under Civil Code § 1780(a)(4).

2          55.    Plaintiffs and the members of Sub-Class also are entitled to recover attorneys'

3    fees and costs pursuant to Civil Code §§ 1780 and 1781.

4          56.    Under Civil Code § 1782(a), the required thirty (30) day notice before filing this

5    Class Action Complaint was provided pursuant to Civil Code § 1782(d).

6                                    **THIRD CAUSE OF ACTION**
                                     **(Breach of Fiduciary Duty)**
7
          57.    Plaintiffs reallege and incorporate the above allegations by reference as if set forth
8
     fully herein.
9
          58.    Defendant operates as a bank and, with regard to its role in electronic bill paying
10
     transactions, as described in greater detail above, it acts as an agent in fact and in a fiduciary
11
     capacity with regard to its customers.
12
          59.    Defendant exercises exclusive control over its customers' funds with regard to
13
     electronic bill paying transactions, as it decides and controls: (a) when funds will be withdrawn
14
     from its customers' accounts; (b) to whom those funds will be disbursed as part of the electronic
15
     bill paying transaction; and (c) when those funds will be disbursed.
16
          60.    Defendant, as one of the largest banking institutions in North America, enjoys
17
     substantially greater knowledge of banking matters and electronic bill paying transactions than
18
     do its customers.
19
          61.    Defendant did, in fact, act as Plaintiffs' agent and accept Plaintiffs' money and
20
     issue payments from Plaintiffs' accounts to third-party payees, and agreed to act consistent with
21
     Plaintiffs' directions and best interests in that regard.
22
          62.    When transferring funds in connection with electronic banking and bill paying
23
     transactions, Defendant owed Plaintiffs the duty of care and loyalty and all common law duties
24
     owed by an agent to its principal at law, including, but not limited to the duty not to take secret
25
     profit at the principal's expense.
26
          63.    Defendant breached the duties it owed to Plaintiffs and engaged in self-dealing by
27
     secretly transferring money to Defendant's own accounts, where Defendant, not Plaintiffs,
28

controlled the funds and accrued interest thereon, and otherwise used Plaintiffs' money for Defendant's benefit, contrary to Plaintiffs' best interests. By breaching duties owed to Plaintiffs, Defendant derived unwarranted and unearned financial benefits and caused Plaintiffs and the Class to be damaged.

64.     Defendant did not disclose to Plaintiffs or its other customers that it was secretly transferring its customers' money to one or more accounts controlled by Defendant, where those funds would be used exclusively for Defendant's benefit.

65.     Defendant's actions and misconduct, as described above, directly and proximately caused Plaintiffs and the Class to be damaged.

66.     Defendant's actions, misconduct and omissions were intentional, willful and in reckless disregard of Plaintiffs' rights, such that an award of punitive damages is warranted.

67.     Plaintiffs and the Class are entitled to an award of monetary damages arising from Defendant's breach of its fiduciary duties and common law duties owed by an agent to its principal, including, without limitation, compensation for all lost interest and improper banking fees incurred.

**FOURTH CAUSE OF ACTION**
**(Breach of Contract)**

68.     Plaintiffs reallege and incorporate the above allegations by reference as if set forth fully herein.

69.     Plaintiffs and other Class members, at all relevant times, maintained checking accounts with Defendant under which they are entitled to receive interest on account balances.

70.     Defendant offered online banking and electronic bill paying services to consumers in California, which Plaintiffs accepted by signing up for said services and by complying with Defendant's requirements for the use of such services. Defendant advertised and offered its electronic bill paying services to Plaintiffs and other Class members as a "free" service.

71.     In materials describing its online banking and electronic bill paying services, Defendant represented and agreed that, when paper checks are issued by Defendant as part of an electronic banking transaction, its customers' funds would not be withdrawn from their accounts

CLASS ACTION COMPLAINT

12

1  until "the payee cashes the check."

2      72.     Defendant breached its contract with Plaintiffs by ignoring the terms of the

3  parties' agreement and by prematurely withdrawing funds from Plaintiffs' accounts and

4  depositing them into one or more separate account(s) controlled and maintained by Defendant,

5  pursuant to which Defendant, not its customers, earns interest and investment income.

6      73.     Defendant's breach of its contractual obligations to Plaintiffs and other Class

7  members caused them to incur additional fees and lose interest, which they would have enjoyed

8  but for Defendant's breach.

9      74.     Plaintiffs and the Class are entitled to an award of monetary damages arising from

10  Defendant's breach of contract, including, without limitation, compensation for all lost interest

11  and improper banking fees incurred.

### FIFTH CAUSE OF ACTION
#### (Conversion)

75.     Plaintiffs reallege and incorporate the above allegations by reference as if set forth
fully herein.

76.     Plaintiffs and other Class members maintained bank accounts with Defendant,
which held money, of which Plaintiffs were the sole and rightful owner and over which Class
members maintained legal possession.

77.     Defendant improperly transferred funds from the accounts of Plaintiffs and other
Class members into one or more accounts owned, controlled, and maintained by Defendant,
pursuant to which Defendant accrued interest and investment income for its own benefit.

78.     Defendant's actions were in direct contravention of Class members' rights.  With
regard to electronic banking transactions involving paper checks, Defendant had the limited right
to transfer Class members' funds, at their direction, to those third parties designated by them, but
only when such checks were cashed or presented for payment.  Defendant had no right to transfer
Class members' funds into its own account, where Defendant could then accrue interest and
investment income while depriving Plaintiffs and Class members of the same.

79.     On many occasions -- likely numbering into the millions -- Defendant wrongfully

converted the funds of its customers across North America and California. These transactions are each specifically identifiable and each involved a quantifiable amount.

80.    As a direct and proximate result of Defendant's wrongful exercise of ownership over Plaintiffs' money, Plaintiffs have suffered financial harm.

81.    Defendant's conduct and/or omissions were intentional, willful and in reckless disregard for Plaintiffs' and Class members' rights.

82.    Plaintiffs and the other Class members are entitled to an award of monetary damages and other relief associated with Defendant's conversion of their funds, including, without limitation, compensation for all lost interest and improper banking fees incurred, as well as punitive damages.

## SIXTH CAUSE OF ACTION
### (Breach Of Agency)

83.    Plaintiffs reallege and incorporate the above allegations by reference as if set forth fully herein.

84.    Defendant, in its capacity as a banking institution, holds itself out as an institution of trust, agreeing to secure and guard its customers' funds and to not act in a manner contrary to its customers' best interests.

85.    Defendant, as one of the largest banking institutions in North America, enjoys substantially greater knowledge of banking matters than its customers.

86.    As described herein, Defendant acted as Plaintiffs' agent and accepted Plaintiffs' money and issued payments from Plaintiffs' accounts to third-party payees.

87.    In doing so, Defendant owed Plaintiffs and the members of the Class the highest duties of care and loyalty, as well as the duties existing between principal and agent, including the duty to not take secret profit at the principal's expense.

88.    By its conduct described herein, Defendant breached its duties to Plaintiffs and members of the Class by engaging in self-dealing, transferring money from the accounts of the Plaintiffs and Class members to its own accounts, where Defendant (rather than Plaintiffs and the Class) accrued interest on the funds and utilized those funds for its own benefit. Defendant's

CLASS ACTION COMPLAINT

14

1    breach caused it to receive additional monetary benefits in the form of banking fees, including,

2    but not limited to insufficient fund charges and monthly service fees.

3        89.      Defendant failed to disclose the benefits that it was receiving and/or accruing to

4    Plaintiffs and/or members of the Class.

5        90.      Defendant's actions directly and proximately caused Plaintiffs and members of the

6    Class to incur additional charges and lose interest, which interest would have been available to

7    Plaintiffs and other members of the Class in the absence of Defendants' breach.

8        91.      Defendant's conduct was intentional, willful and done in reckless disregard for the

9    rights of Plaintiffs and the other members of the Class.

10       92.      Plaintiffs and the other members of the Class are entitled to restitution,

11    disgorgement of the interest improperly accrued by Defendant as a result of its unlawful conduct,

12    and attorneys' fees and costs.

### SEVENTH CAUSE OF ACTION
### (Unjust Enrichment)

13

14       93.      Plaintiffs reallege and incorporate the above allegations by reference as if set forth

15    fully herein.

16       94.      Plaintiffs assert this cause of action in the alternative.

17       95.      As a direct result of the misconduct alleged herein, Defendant has been unjustly

18    enriched and has obtained a substantial monetary benefit in connection with its supposedly "free"

19    electronic bill paying services.

20       96.      Plaintiffs and other Class members have unknowingly conferred a substantial

21    monetary benefit upon Defendant, which, in fairness and equity, Defendant was not entitled to

22    receive.

23       97.      It would be unfair and inequitable, under the circumstances, to allow Defendant to

24    retain the benefits derived from its undisclosed and surreptitious use of its customers' money

25    with regard to electronic bill paying transactions, as alleged herein, and, therefore, Plaintiffs and

26    Class members are entitled to be paid and to receive that benefit.

27       98.      Plaintiffs and the Class are entitled to an order requiring Defendant to make

28

1  restitution and disgorge the interest and fees that it obtained as a result of the unlawful practices

2  described herein, along with an award of attorney's fees and costs, and all other relief deemed by

3  the Court to be just and equitable under the circumstances.

## PRAYER FOR RELIEF

5      WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, pray

6  for judgment against the Defendant as follows:

7      A.      An order certifying this matter as a class action and appointing Plaintiffs and their

8  counsel to represent the Class;

9      B.      Restitution and disgorgement to the extent permitted by applicable law, together

10  with interest thereon, to victims of such violations;

11      C.      Actual damages for injuries suffered by Plaintiffs and the Class or Sub-Class;

12      D.      Civil penalties to the extent permitted by applicable law;

13      E.      An appropriate award of punitive damages;

14      F.      Reasonable attorneys' fees and costs of prosecuting this action;

15      G.      Statutory pre-judgment interest; and

16      H.      Such other relief as the Court may deem just and proper.

## JURY DEMAND

18      Plaintiffs demand a trial by jury on all issues so triable.

19

20  Dated: November 25, 2008

21                                      SHEPHERD, FINKELMAN, MILLER &
                                        SHAH, LLP
22

23                                      _Karen M. Leser-Grenon_
                                        Karen M. Leser-Grenon (SBN 231189)
24                                      401 West A Street, Suite 2350
                                        San Diego, CA 92101
25                                      Telephone: (619) 235-2416
                                        Facsimile: (619) 234-7334
26                                      kleser@sfmslaw.com

27

28

CLASS ACTION COMPLAINT                                                              16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

John F. Edgar
Michael D. Pospisil
EDGAR LAW FIRM LLC
1032 Pennsylvania Ave.
Kansas City, MO 64105
Telephone: (816) 531-0033
Facsimile: (816) 531-3322
jfe@edgarlawfirm.com
mdp@edgarlawfirm.com

Douglas P. Dehler
SHEPHERD, FINKELMAN, MILLER &
    SHAH, LLP
111 E. Wisconsin Avenue, Suite 1750
Milwaukee, WI 53202
Telephone: (414) 226-9900
Facsimile: (414) 226-9905
ddehler@sfmslaw.com

James C. Shah
SHEPHERD, FINKELMAN, MILLER &
    SHAH, LLP
35 East State Street
Media, PA 19063
Telephone: (610) 891-9880
Facsimile: (610) 891-9883
jshah@sfmslaw.com

Tony Shapiro
Andrew B. Protzman
SHAPIRO & PROTZMAN, P.A.
4901 W. 119th St., Ste. 204
Overland Park, KS 66209
Telephone: (913) 491-1120
Facsimile: (913) 491-1122
tony@spfirm.net
andy@spfirm.net

Attorneys For Plaintiffs

CLASS ACTION COMPLAINT

17