UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODNEY ALVARADO and JASON
TOWNSEND, individually and
on behalf of all others
similarly situated,

        Plaintiffs,

   v.

BANK OF AMERICA, N.A.,

        Defendant.
_____/

NO. CIV. S-08-2862 LKK/DAD

O R D E R

    Plaintiffs have brought suit on behalf of themselves and members of a putative class alleging that defendant Bank of America has an unlawful practice that results in it improperly benefitting from funds in customers' checking accounts. Pending before the court is defendant's motion to transfer, based on judge-shopping, or to dismiss some causes of action under Federal Rule 12(b)(6). The court resolves the motion on the papers and grants defendant's motion to transfer.

////

1

**I. BACKGROUND**

**A. Allegations of the Complaint[1]**

Plaintiffs Jason Townsend and Rodney Alvarado allege that they are defendant's customers, specifically that they have interest-bearing checking accounts with defendant and use defendant's on-line banking services. Among other services, Bank of America will write checks on customers' behalf as part of its bill payment services. According to plaintiffs, defendant represents that this service is free and that it will not withdraw the funds from the customer's account until the check is presented by the payee for payment. Plaintiffs allege that, in fact, defendant withdraws the amount immediately upon creating the check, deposits the funds in its own account, and therefore earns interest on the funds in the time between the dates on which the check is written and on which the check is cashed. Based on these factual allegations, plaintiffs allege causes of action under California's Unfair Competition law and Consumer Legal Remedies Act and for breach of contract, conversion, breach of agency, and unjust enrichment.

**B. Procedural History**

Plaintiff Townsend filed a virtually identical complaint in the Northern District of California on November 12, 2008.[2] The

---

[1] All allegations described herein are taken from the complaint and are taken as true for the purposes of this motion only.

[2] Defendant requests the court take judicial notice of the Complaint filed in the Northern District action and the docket of that case. A court may take judicial notice of a fact not subject to reasonable dispute, either because the fact is generally known within the territorial jurisdiction of the trial court or because

2

complaint is identical to the one filed in this court, except that plaintiff Alvarado has been added to the complaint filed in this court. In the complaint filed in the Northern District, plaintiff alleged that venue there was proper "because Defendant does substantial business in this District and a substantial part of the events and losses described herein occurred, and continue to occur, in this District." Req. for Judicial Notice, Ex. B ¶ 11. This venue allegation is identical to that contained in the complaint filed in this district. Compl. ¶ 12.

After the complaint was filed in the Northern District, the docket there reflects that on November 19, 2008, Judge Marilyn Patel recused herself. The case was reassigned on that date to Judge William Alsup. On November 21, 2008, plaintiff Townsend voluntarily dismissed the complaint.

On November 25, 2008, plaintiffs Townsend and Alvarado filed suit in this court. As stated, the complaint is virtually identical to that filed in the Northern District, including the venue allegation. Plaintiff Alvarado is alleged to be a citizen of

---

the fact is capable of accurate and ready determination from sources whose accuracy cannot reasonably questioned. Fed. R. Evid. 201(b). A court shall take judicial notice of a judicially noticeable fact "if requested by a party and supplied with the necessary information." Fed. R. Evid. 210(d).

Here, these documents are public documents whose contents the court is able to accurately and readily determine. Defendant has complied with Federal Rule of Evidence 201(d) by requesting judicial notice and supplying the court with a copy of the applicable sections of them. Therefore, the court takes judicial notice of them.

3

California, residing in Stockton, California.³

<h2 style="text-align:center">II. STANDARDS</h2>

**A.   Standard for Dismissal for Judge-Shopping**

A district court has inherent power to dismiss a case due to judge-shopping as part of its power to sanction conduct that abuses the judicial process. Hernandez v. City of El Monte, 138 F.3d 393 (9th Cir. 1998); see also Local Rule 83-123(d) ("An action may not be dismissed and thereafter refiled for the purpose of obtaining a different Judge or Magistrate Judge."). Being a harsh penalty, however, dismissal should be used as a sanction in extreme circumstances. Hernandez, 138 F.3d at 399, citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). In light of this, a court may elect to transfer the case back to the original judge. See, e.g., Vaquiera Tres Monjitas, Inc. v. Cubano, 341 F. Supp. 2d 69, 71-73 (D.P.R. 2004).

**B.   Standard for Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

In order to survive a motion to dismiss for failure to state a claim, plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569 (2007). While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the

---

³Plaintiff Townsend is alleged to be a citizen of California, residing in Beverly Hills, California. See Compl. ¶ 8; Req. for Judicial Notice Ex. B ¶ 7.

4

speculative level." Id. at 555.

The Supreme Court recently held that Federal Rule of Civil Procedure 8(a)(2) requires a "showing" that the plaintiff is entitled to relief, "rather than a blanket assertion" of entitlement to relief. Id. at 555 n.3. Though such assertions may provide a defendant with the requisite "fair notice" of the nature of a plaintiff's claim, the Court opined that only factual allegations can clarify the "grounds" on which that claim rests. Id. "The pleading must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. at 555, quoting 5 Wright & Miller, Federal Practice and Procedure, § 1216, pp. 235-36 (3d ed. 2004).[4]

On a motion to dismiss, the allegations of the complaint must be accepted as true. See Cruz v. Beto, 405 U.S. 319, 322 (1972). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. See Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963). In general, the complaint is construed favorably to the pleader. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982). Nevertheless, the court does not accept as true unreasonable inferences or conclusory legal

---

[4] The holding in Twombly explicitly abrogates the well established holding in Conley v. Gibson that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45-46 (1957); Twombly, 550 U.S. at 560.

5

allegations cast in the form of factual allegations. <u>W. Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).

### III. ANALYSIS

Defendant moves to have the case transferred to the Northern District on the grounds that the suit was filed in this district for the purpose of judge-shopping. Defendant alternatively moves for dismissal of plaintiffs' third, fourth, fifth, and sixth causes of action for failure to state a claim on which relief may be granted under Rule 12(b)(6). Because the court grants the motion to transfer, it need not reach the motion to dismiss.

The court has broad discretion to manage its docket, particularly for the purpose of discouraging the abuse of judicial process. <u>See</u> <u>Hernandez</u>, 138 F.3d at 399. Other courts have found dismissal or transfer appropriate where there are circumstances that cause the court to believe that a case is before it as a result of judge-shopping. <u>See</u>, <u>e.g.</u>, <u>id.</u>; <u>Vaquiera Tres Monjitas</u>, 341 F. Supp. 2d at 73. For example, in <u>Hernandez</u>, plaintiffs had filed an action in federal district court and a month later filed a substantially similar action in state court. <u>Hernandez</u>, 138 F.3d at 396. The only difference between the actions was that the parties' names appeared in a different order in the captions of the cases. <u>Id.</u> The state court action was removed to federal court and then related to the action that had been filed in federal court. <u>Id.</u> The district court judge observed the similarities between the cases and at a hearing on an order to show cause, asked the plaintiffs' attorney why they had been filed in two different

courts. Id. at 397. The attorney explained that he had wanted to take advantage of the jury selection procedures in state court, but had also wanted to avail his client of the discovery advantages in federal court. Id. He expressed that he had intended to dismiss the action that had been filed in federal court. Id. The district court dismissed both actions, concluding that plaintiff had engaged in "blatant judge shopping." Id. at 397-98. The Ninth Circuit affirmed this aspect of the court's ruling, holding that "the circumstances presented could fairly support a determination" of judge-shopping. Id. at 398. The court reversed the dismissal of the action, however, finding that there was inadequate evidence that such a harsh sanction was merited. Id.

In similar factual circumstances, the Vaquiera Tres Monjitas court held that transfer back to the original judge was an appropriate sanction. There, plaintiffs filed suit in district court and the case was randomly assigned a particular judge. 341 F. Supp. 2d at 70. Shortly after filing, plaintiffs moved for a preliminary injunction, which was denied. Id. Plaintiffs moved for reconsideration of that ruling, which was also was denied. Id. The next day, plaintiffs dismissed the suit. Id. at 71. Later that same day, plaintiffs filed a substantially similar suit in the same district; the only differences were the order of the plaintiffs' names in the caption and the addition of a new cause of action. Id.

The court transferred the case back to the original judge, finding that "the timing of Plaintiffs' actions lead [the court] to the conclusion that they engaged in judge-shopping. . . . **We**

7

**cannot and will not condone this practice**." Id. at 73 (emphasis in original). The court also sanctioned plaintiffs' counsel $1,000 each, out of "concern for the integrity of the judiciary and the public's perception thereof." Id. at 73. The Vaquiera Tres Monjitas' court's holding resembles that of other courts when faced with similar circumstantial evidence of judge-shopping. See, e.g., Zografos v. Qwest Commc'ns Corp., 225 F. Supp. 2d 1217 (D. Or. 2002) (dismissal for judge-shopping appropriate where same suit had been filed, proceeded to the settlement stage, and then voluntarily dismissed in another district); Smith v. Mt. Sanai Hosp., 1985 WL 561 (S.D.N.Y, Apr. 22, 1985), aff'd 857 F.2d 1461 (2d Cir. 1987) (transfer to original judge appropriate where plaintiff had dismissed and refiled an identical suit after, according to defendant's counsel, plaintiff's counsel had stated she wished to "get away from" the original judge, although plaintiff's counsel had filed an affidavit offering a different explanation).

Here, the timing of the events in the original suits is strong indication that plaintiffs engaged in judge-shopping in filing the instant suit. The suit in the Northern District was filed on November 12, 2008, originally assigned to Judge Patel. A week later she recused herself and the case was reassigned; two days after that (a Friday) plaintiff dismissed his suit. The following Tuesday plaintiffs filed an almost identical action in this court. This sequence of events strongly suggests that it was Judge Patel's recusal that caused plaintiff to dismiss his suit and refile it in this district.

Additionally, the complaint filed in this court gives no indication why venue is more proper here than the Northern District. The venue allegation in both complaints are identical, with both alleging that defendant has significant contacts in the district and that a substantial part of the events and losses occurred in the district. See Req. for Judicial Notice, Ex. B ¶ 11; Compl. ¶ 12. There is nothing to indicate that the allegation for venue has a more compelling factual basis in the Eastern District than the Northern District.

Although plaintiffs contend that plaintiff Alvarado did not consent to be a representative plaintiff until after the original complaint was filed and that the arguments maintaining venue in the Eastern District were "much stronger" than those for asserting venue in the Northern District, plaintiffs, perhaps tellingly, offer no affidavits or other evidence to substantiate these arguments. See Pls.'s Opp'n to Def.'s Mot. to Transfer at 6. Even if they had, however, that alone would not justify denying defendant's motion if other evidence suggests to the court that plaintiffs have engaged in improper judge-shopping. See, e.g., Hernandez, 138 F.3d at 399 (plaintiff's counsel offered alternative explanation at oral argument); Smith, 1985 WL 561 (plaintiff's counsel offered an affidavit contradicting defendant's assertion of judge-shopping). In light of the circumstantial evidence of judge-shopping, the explanations offered in plaintiffs' opposition brief simply do not appear credible.

Accordingly, the court finds that there is adequate evidence

to support the inference that plaintiffs engaged in improper judge-shopping here. The court therefore grants defendant's motion to transfer the case to the Northern District of California, to be assigned to Judge Alsup.

### IV. CONCLUSION

For the reasons stated herein, defendant's motion to transfer is GRANTED. This action is TRANSFERRED to Judge William Alsup of the Northern District of California. The Clerk is directed to close the case.

IT IS SO ORDERED.

DATED: March 17, 2009.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT